IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| April C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> Michelle King, Acting Commissioner of Social Security Administration,[2] <br><br> Defendant. | C/A No. 5:24-cv-2285-SAL <br><br><br> **ORDER** |

April C. ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability benefits. The Commissioner has filed a motion for entry of judgment with an order of remand, but the parties disagree on whether the remand should permit further supplementation of the administrative record or result in an outright reversal and award of benefits. *See* ECF No. 17. On September 25, 2024, the magistrate judge issued a Report and Recommendation ("Report"), recommending that the court reverse the decision of the Commissioner and remand this matter for further proceedings under Sentence Four of 42 U.S.C. § 405(g). [ECF No. 17.] Objections to the Report were initially due on October 9, 2024. After previous counsel was suspended, the court allowed Plaintiff to secure new counsel by January 31, 2025, and advised Plaintiff that the court was prepared to remand this matter consistent with the Report if no objections were filed. *See* ECF No. 21. New counsel filed a notice of appearance on January 10, 2025. No objections have been filed.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended due to significant privacy concerns in social security cases that federal courts refer to claimants only by their first name and last initials in court opinions.
[2] Michelle King was named as Acting Commissioner on January 20, 2025. Under Fed. R. Civ. P. 25(d), she is substituted as a party to this action.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). Without objections, the court need not provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, the court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with the Report under Sentence Four of 42 U.S.C. § 405(g). In light of the protracted nature of the administrative proceedings, the court directs that the administrative hearing on remand be conducted within 90 days of the court's order and a decision be issued by the ALJ within 30 days thereafter, and, if there is a request to review submitted to the Appeals Council, the Appeals Council is directed to make a final agency decision within 60 days following the receipt of a request for review.

IT IS SO ORDERED.

February 12, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge